**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Kellye Evans, | No. CV-19-04339-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. |  |
| Scribe One Limited LLC, et al., |  |
| Defendants. |  |

Before the Court is Defendants' Motion to Compel Passwords or Access to Business Accounts of Scribe One. (Doc. 123.) The motion will be denied.

**I. Background**[1]

This case involves a dispute over the ownership of a company called Scribe One in which nearly all critical contracts between the parties either were not reduced to writing or have been lost. At bottom, Plaintiff Kellye Evans claims that she is the sole owner of Scribe One; Defendants contend that Defendant Sydney Stern owns Scribe One, that Evans worked for Scribe One as an employee, that Evans owns a preexisting business called Evans Consulting, and that Evans Consulting contracted (apparently orally) with Scribe One for staff and other back office support.

On November 19, 2019, the Court denied Evans' motion for a preliminary injunction, in which she asked the Court to enjoin Defendants from certain activities that

---

[1] The parties are familiar with the allegations and facts. The Court limits its discussion to information essential to the disposition of the instant motion.

she believed would interfere with her ability to effectively operate Scribe One. (Doc. 102.) In doing so, the Court found, based on the evidence presented at the preliminary injunction hearing, that Evans was unlikely to succeed on her claim that she is Scribe One's sole and lawful owner. Shortly thereafter, Defendants terminated Evans' employment with Scribe One. Evans has since amended her complaint to add alternative claims based on Defendants' version of events but continues to assert principally that she owns Scribe One. (Doc. 121.)

On December 20, 2019, Defendants filed the instant motion, which asks the Court to "compel [Evans] to provide passwords to business accounts for Scribe One or otherwise take actions to allow . . . Stern to access accounts for platforms necessary for the continued operation of Scribe One." (Doc. 123.) In particular, Defendants seek access to: (1) a WhenIWork account, which is used for employee scheduling and timekeeping, (2) Adobe Captivate Prime, a subscription service used to store and display files, and which Evans has used to store and present training materials for newly hired scribes,[2] and (3) a YouCanBookMe account, which is used to help potential hires make appointments for interviews.

In response, Evans contends that the WhenIWork account and Adobe Captivate Prime materials belong to her, she created them for Evans Consulting before the formation of Scribe One and allowed Scribe One to use them during her employ with the company, but following her termination no longer wants to share them with Scribe One. As for the YouCanBookMe account, Evans contends that she has not used the account since May 2019 and does not know or have access to the login information. (Doc. 124.)

**II. Legal Standard**

No party briefed the legal standard applicable to Defendants' request. The Court

---

[2] Defendants' motion refers only to Adobe Acrobat, a software application used to view, create, and edit files in Portable Document Formation ("PDF"). Evans notes that Defendants must be confusing Adobe Acrobat with Adobe Captivate Prime because the latter stores scribe training materials. Evans probably is correct. The Court presumes Defendants are not engaging in costly motion practice over an easily replaceable software subscription that, by itself, contains no proprietary information. It is more likely that this dispute is about the training materials and the service used to store and display them.

1  does not have carte blanche to direct the parties' business affairs simply because they are
2  litigating a business dispute. If a party wants the Court to order affirmative relief, it must
3  identify the authority that permits the Court to do so. Defendants have not. In fact, their
4  motion cites no legal authority whatsoever.

5  Defendants style their motion as a "motion to compel," but a motion to compel is a
6  tool to induce compliance with discovery requests. *See* Fed. R. Civ. P. 37(a). A litigant
7  may, for example, move to compel compliance with a subpoena, production of documents,
8  answers to interrogatories, or a witness' presence at a deposition. Defendants, however,
9  are not seeking to compel responses to discovery requests. Instead, they are asking the
10 Court for substantive relief—an order directing Evans to turn over passwords and, in the
11 process, presumably finding that these accounts and materials belong to Scribe One.
12 Defendants' motion is more akin to a motion for a preliminary injunction, and the Court
13 will treat it as such.

14 A litigant seeking a preliminary injunction must establish that she is likely to
15 succeed on the merits of some claim or counterclaim, that she is likely to suffer irreparable
16 harm in the absence of preliminary relief, that the balance of equities tips in her favor, and
17 that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555
18 U.S. 7, 20 (2008); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052
19 (9th Cir. 2009). These elements may be balanced on a sliding scale, whereby a stronger
20 showing of one element may offset a weaker showing of another. *See Alliance for the Wild*
21 *Rockies v. Cottrell*, 632 F. 3d 1127, 1131, 1134–35 (9th Cir. 2011). But the sliding-scale
22 approach does not relieve the movant of the burden to satisfy all four prongs for the
23 issuance of a preliminary injunction. *Id.* at 1135. Instead, "'serious questions going to the
24 merits' and a balance of hardships that tips sharply towards the [movant] can support
25 issuance of a preliminary injunction, so long as the [movant] also shows that there is a
26 likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.
27 The movant bears the burden of proof on each element of the test. *Envtl. Council of*
28 *Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

### III. Discussion

Defendants' motion is woefully deficient, as it fails to discuss any aspect of the preliminary injunction standard. The Court will limit its analysis to the likelihood of success on the merits and irreparable harm factors. As explained below, Defendants have not carried their burden on those factors, making the balance of hardships and the public interest factors irrelevant.

#### A. Likelihood of Success

Defendants fail to identify which of their counterclaims, if successful, would entitle them to the relief they seek. The Court nonetheless examined Defendants' counterclaims, of which there were two at the time Defendants filed this motion: conversion and breach of fiduciary duty. (Doc. 27.) Among other things, these counterclaims accuse Evans of converting Scribe One's passwords and training materials, and the prayer for relief on Defendants' conversion counterclaim asks for "restitution of the . . . property unlawfully converted by Evans[.]" (*Id.* at 21.) On January 3, 2020, Defendants added counterclaims for breach of contract, breach of the covenant of good faith and fair dealing, and intentional interference with contracts. (Doc. 128.) These new counterclaims also are based, at least in part, on issues surrounding these passwords and training materials. Regardless of the particular counterclaim, however, Defendants must at a minimum establish that these accounts and training materials likely belong to Scribe One, not to Evans or Evans Consulting, before they may obtain an order preliminarily restituting them. With respect to the WhenIWork account and Adobe Captivate Prime materials, Defendants fail to do so.

The only evidence Defendants submit with their motion is an email from "Brian" at the WhenIWork help center to Stern, in which Brian explains that Evans is the account holder, but that Evans could transfer the account to Stern by following two easy steps. (Doc. 123-1.) Nothing about this email shows that Stern or Scribe One own the WhenIWork account, and the email does not relate to the Adobe Captivate Prime materials at all.

In contrast, Evans has submitted a sworn declaration that she obtained the

WhenIWork account for Evans Consulting on May 11, 2017, before Scribe One was formed. (Doc. 124-1 ¶ 1.) During Evans' employ at Scribe One, she allowed the company to use her preexisting WhenIWork account, but never transferred ownership of that account to Scribe One. (¶ 2.) After Scribe One terminated Evans' employment, Evans withdrew permission for Scribe One to use her WhenIWork account. (¶ 3.) Since then, Evans has continued to use her WhenIWork account to operate Evans Consulting. (¶ 4.)

Similarly, Evans' sworn declaration states that the Adobe Captivate Prime materials are "slightly modified derivatives of copyrighted works which [Evans] developed long before Scribe One was formed." (¶ 11.) Although Evans used these materials to train Scribe One scribes and allowed Scribe One to use them during her employ with the company, she did not transfer ownership of the copyrights to Scribe One. (¶¶ 14-15.) Evans has always retained ownership of the works. (¶ 19.) Upon her termination from Scribe One, Evans (through counsel) notified Defendants that they no longer had permission to use her copyrighted works. (¶ 24; Doc. 124-2 at 9.)

As for the YouCanBookMe account, Defendants provided no evidence demonstrating that this account belongs to Scribe One, but Evans does not seem to dispute this point. Instead, Evans' sworn declaration states that she last accessed the account in May 2019, and that she presently does not know or have access to the login information. (Doc. 124-1 ¶¶ 26-27.) Stated differently: although there is no dispute that the YouCanBookMe account belongs to Scribe One, the evidence before the Court indicates that Evans is not withholding any password to it. The Court cannot order Evans to turn over a password she does not know.

**B. Irreparable Harm**

Defendants argue that they will be unable to calculate payroll without access to the specific WhenIWork account registered to Evans, that they need the Adobe Captivate Prime materials to train new scribes, and that they are left in the dark about outstanding interviews without access to the YouCanBookMe account. But Defendants offer no evidence that they will be irreparably harmed in the absence of an order preliminarily

restituting the allegedly converted accounts and materials. Indeed, Brian from the WhenIWork help center had nothing to say on this subject.

According to Evans' sworn declaration, although Evans has removed Stern as a manager from the WhenIWork account, she continued to give Scribe One access to the account to ensure that it had enough time to transition to a new WhenIWork account. (Doc. 124-1 ¶ 5.) During this transitional phase, Evans sent Scribe One's accountant all information needed to process payroll before it was due. (¶ 7.) Evans also submitted a sworn declaration from Estrella Moreno, who was employed as a Regional Account Manager with Scribe One from April 19, 2019 until December 21, 2019. (Doc. 124-3.) According to Moreno, Scribe One opened its own WhenIWork account on December 15, 2019. (¶ 3.) At that time, Scribe One still had access to Evans' WhenIWork account and immediately began transferring information from that account to the new one. (¶ 4.) Moreno estimated that, as of December 20, 2019, roughly 85% of the data had been transferred to Scribe One's new WhenIWork account, and that on information and belief the remaining data was transferred shortly thereafter. (¶¶ 5-6.) It appears, then, that Scribe One has managed to transition to a new WhenIWork account without serious disruption to its business operations, and that it will not be irreparably harmed if it cannot use the specific WhenIWork account registered to Evans.

Evans' evidence does not speak directly to harm as it relates to the Adobe Captivate Prime, but that is of no moment. Defendants bear the burden of proving that they likely will be irreparably harmed. The Court does not presume irreparable harm until proven otherwise. Moreover, because Defendants have not even attempted to show that they likely own these training materials, they necessarily have not shown a likelihood of irreparable harm. *See Hale v. Dep't of Energy*, 806 F.2d 910, 918 (9th Cir. 1986).

Lastly, although Evans does not know or have access to the login information for Scribe One's YouCanBookMe account, Evans states that she used the Scribe One Human Resources Google suite account to access YouCanBookMe during the time she worked for Scribe One. (Doc. 123-1 ¶ 26.) Evans believes that Defendants can do the same. (¶ 27.)

Alternatively, Evans states that Defendants "can obtain a new monthly subscription without any loss of information as no information is stored in the account." (¶ 27.) Accordingly, the only evidence in the record indicates that Scribe One will not suffer irreparably if Evans is not ordered to divine a password she does not know.

**IV. Conclusion**

Although styled as a motion to compel, Defendants do not ask the Court to compel compliance with any outstanding discovery requests. They instead seek a preliminary injunction in the form of an order restituting passwords and access to three computer subscription accounts. But Defendants fail to show that they are likely to succeed on the merits with respect to these accounts, or that they will be irreparably harmed in the absence of a preliminary injunction. Accordingly,

**IT IS ORDERED** that Defendants' motion to compel, which the Court construes as a motion for preliminary injunction (Doc. 123), is **DENIED**.

Dated this 6th day of January, 2020.

Douglas L. Rayes
United States District Judge