**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kellye Evans, | No. CV-19-04339-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Scribe One Limited LLC, et al., | |
| Defendants. | |

The Court previously issued an order granting Plaintiff Kellye Evans' motion under Federal Rule of Civil Procedure 4(d)(2) for an award of costs and fees associated with serving Defendant Bruce Tizes, contingent upon Evans submitting an itemization of those fees and costs (which she has since done). (Docs. 159, 164.) Tizes later filed a motion for reconsideration, along with objections to Evans' itemized accounting. (Doc. 162, 168.) The Court ordered Evans to file a response to Tizes' motion for reconsideration, which she has done. (Docs. 163, 166.) Despite the Court's explicit order that "[n]o reply may be filed" (Doc. 163), Tizes filed a reply to Evans' response to the motion for reconsideration (Doc. 169), which Evans has moved to strike (Doc. 170). Evans also filed a reply to Tizes' objections to her itemized accounting. (Doc. 175.)

Evans' motion to strike will be granted. Tizes' reply is unauthorized and violates this Court's explicit order and Local Rule of Civil Procedure 7.2(g) ("No response to a motion for reconsideration and no reply to the response may be filed unless otherwise

ordered by the Court[.]").

Tizes' motion for reconsideration will be denied. If a motion for reconsideration is based "on new matters being brought the Court's attention for the first time," LRCiv 7.2(g) requires the movant to "point out with specificity . . . the reasons they were not presented to the Court earlier[.]" If the movant fails to do so, the Court may deny the motion. Here, Tizes' motion for reconsideration is based on a host of perceived defects in the waiver of service form Evans sent him that were not raised in Tizes' original response in opposition to Evans' motion for service-related fees and costs. Nowhere in Tizes' motion for reconsideration does he explain why these issues could not have been presented to the Court earlier.

Instead, Tizes claims that he pointed out these defects in lines 7-12 of his original response. (Doc. 162 at 1.) Not so. Lines 7-12 of Tizes' original response state:

> After the sole service attempt noted above, Plaintiff sent a procedurally defective service waiver request to Defendant via email. Fed. R. Civ. P. 4(d)(1) and Ariz. R. Civ. P. 4.2 both require that a request to waive service must be:
>
> 1) accompanied by 2 copies of the waiver form . . . and a prepaid means for returning the form; and
>
> 2) be sent by first-class mail or other reliable means.

(Doc. 38 at 2.) The only reasonable interpretation of this passage is that Tizes believed Evans' service waiver request was defective for two procedural reasons: (1) it was not accompanied by 2 copies of the waiver form and a prepaid means for returning the form and (2) it was not sent by first-class mail or other reliable means. The Court addressed these arguments in its prior order. Nowhere in his original response did Tizes raise or develop the arguments he now brings, which largely concern the substance of the waiver request, as opposed to the procedure for serving it. The Court will not endlessly relitigate every order issued in this case, particularly when relevant arguments could and should have been raised earlier. (*See, e.g.*, Doc. 142 at 2 ("A motion for reconsideration is not an opportunity to take a mulligan, and the Court did not err (manifestly or otherwise) by not considering arguments and authorities not before it.").) The motion for reconsideration is

denied.

Moving on to the size of the fee award, the Court may award Evans the expenses she incurred after the waiver of service request either expired or was rejected, along with reasonable expenses incurred in bringing a motion to collect those fees. Fed. R. Civ. P. 4(d)(2); Wright & Miller, § 1092.1. Evans asked Tizes to waive service on May 30, 2019. Accordingly, Tizes objects to fees incurred prior to June 30, 2019, when that waiver request would have expired. Tizes also objects to certain fee entries from after June 30 as insufficiently related to Evans' service efforts.

Having reviewed Evans' fee itemization, Tizes' objections, and Evans' reply, the Court will overrule Tizes' objections to the post-June 30 fees. Those fees are sufficiently related to Evans' efforts to serve Tizes. The Court will sustain Tizes' objections to fees incurred prior to June 30 because the Court cannot confidently determine when Tizes definitively refused Evans' request to waive service. Evans has identified this date as June 14, 2019 in some places (Doc. 175 at 3) and June 18, 2019 in others (Docs. 48 at 3, 166-1 at 6). Given this uncertainty, the Court will resolve doubts in favor of Tizes and discount fees incurred prior to June 30, 2019, the date the service waiver request ordinarily would have expired absent a clear rejection. Accordingly,

**IT IS ORDERED** as follows:

1. Evans' motion to strike (Doc. 170) is **GRANTED**. Doc. 169 is stricken from the record.
2. Tizes' motion for reconsideration (Doc. 162) is **DENIED**.
3. Evans' is awarded **$3,036.25** pursuant to Fed. R. Civ. P. 4(d)(2).

Dated this 23rd day of April, 2020.

Douglas L. Rayes
United States District Judge