**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kellye Evans, | No. CV-19-04339-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Scribe One Limited LLC, et al., | |
| Defendants. | |

At issue are, by the Court's count, the fourth and fifth motions for sanctions filed in this case.  (Docs. 276, 285.)[1]  In the fourth motion (Doc. 276), Defendants ask the Court to sanction Plaintiff for failing to correct a misrepresentation her counsel made to this Court.  In the fifth (Doc. 285), Plaintiff asks the Court to sanction Defendants for filing their motion for sanctions.  The Court denies both motions.

**I.      Defendants' Motion for Sanctions (Doc. 276)**

Plaintiff's damages expert in this case is Brent Taylor.  Defendants' motion for sanctions concerns the disclosure of Taylor's expert report in a different case, *AB Staffing Solutions, LLC v. Rickey L Gross*.  During an October 2020 deposition, Defendants asked Taylor questions about his expert opinion in *AB Staffing*.  Plaintiff objected on relevance grounds.  The Court held a discovery hearing and ordered that Defendants may question Taylor regarding his expert opinion in previous cases.

---

[1] The first three were filed by Plaintiff at Docs. 16, 91, and 139.  The Court encourages the parties to consider whether their considerable motion practice is proportional to the needs of this case.

Subsequently, Defendants asked Plaintiff for a copy of Taylor's expert report from *AB Staffing*. Plaintiff again objected, this time based on the contention that Taylor's report was subject to a protective order in that case. This resulted in yet another conference call with the Court. After hearing from the parties, and based on Plaintiff's representation that Taylor's *AB Staffing* report was designated confidential and subject to a protective order, the Court ordered Plaintiff to produce Taylor's *AB Staffing* report to Defendants, but with an attorneys'-eyes-only designation. The Court also directed Defendants to return or destroy copies of the report after Taylor's deposition.

Plaintiff provided Defendants with a copy of Taylor's *AB Staffing* report, though evidently not the exhibits that Taylor relied on in drafting his report, and Defendants questioned Taylor about it at his deposition. In some instances, Taylor was unable to recall information about his report and indicated that reviewing some of the underlying documents would have been helpful.

After the deposition, Defendants destroyed all copies of the *AB Staffing* report as directed by the Court. Defendants then sought to have Plaintiff produce the *AB Staffing* report again, this time for use at trial and with certain portions redacted. Plaintiff suggested that Defendants reach out to counsel for *AB Staffing* regarding information that *AB Staffing* believes is confidential. Defendants contacted counsel for *AB Staffing* and eventually learned that Taylor's *AB Staffing* report was filed as part of the public record in the *AB Staffing* case. Defendants obtained a copy of Taylor's *AB Staffing* report on their own, and then notified Plaintiff's counsel that the document was publicly available and not subject to a protective order. Counsel for Plaintiff responded that she did not recall that Taylor's report had been publicly filed in that case. But now that she was aware, Plaintiff's counsel withdrew her confidentiality objection to disclosure of the report.

Roughly five months after bringing this error to Plaintiff's attention, Defendants filed the instant motion for sanctions. They argue that sanctions are warranted because Plaintiff erroneously represented to the Court that Taylor's *AB Staffing* report was confidential and subject to a protective order and failed to correct that misrepresentation

after being notified by Defendants that the report was publicly available.  Defendants ask the Court to (1) direct Plaintiff "to produce the Taylor *AB Staffing* Report in the same non-confidential, not subject to any protective order, manner and condition as it was by Plaintiffs' Counsel in the *AB Staffing* case," (2) bar Taylor's report in this case from being introduced as evidence, (3) bar Plaintiff from introducing expert testimony in this case, and (4) order Plaintiff to pay for the attorney fees and costs Defendants incurred litigating over Taylor's *AB Staffing* report.

"[C]ourts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).  Courts also have authority under Federal Rule of Civil Procedure 37 to issue sanctions for discovery violations that are "due to willfulness, bad faith, or fault of the party." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002).

Plaintiff's counsel should have been more diligent in investigating whether the Taylor *AB Staffing* report was subject to a protective order before objecting to its disclosure on that basis.  She also should have proactively corrected her misrepresentation with the Court upon learning the truth.  But the Court does not find sanctions warranted.  Plaintiff's counsel's misrepresentations to the Court do not appear to have been willful or made in bad faith.  As Plaintiff's counsel explained in an email to Defendants' counsel upon learning of her mistake:

> I was taken back when I saw the document you attached to your email that included the Taylor report as an exhibit. Until you shared it with me, I did not recall the Taylor report had ever been used for anything other than the customary exchange between counsel in the prior case. As you may recall from our telephone conversations, that case was settled on the eve of trial, so the report was not part of a trial. As occurred several times in the prior litigation, some documents that included confidential information were occasionally filed in error, and were later sealed. When I saw your email, I asked my office to check to see if this was one of the documents that was sealed after the fact. Admittedly, we were not able to find confirmation of a later sealing, so you are correct, that document does indeed appear to be part of the public record. Now that I am aware of that, I do not object to its disclosure on grounds of confidentiality.

- 3 -

(Doc. 285-1 at 20.)  Plaintiff withdrew her confidentiality objection upon learning of her mistake.  Defendants had a copy of the Taylor *AB Staffing* report to use during their deposition of Taylor, they questioned him about those opinions, and Defendants later retrieved the copy of the report that was publicly filed in the *AB Staffing* case.  Under these circumstances, the Court does not find sanctions warranted, especially not a sanction as drastic as precluding Plaintiff from introducing expert opinions and testimony at trial.

With that said, Defendants indicate in their reply brief that they "have still not received the exhibits . . . Brent Taylor relied upon for his expert report in the *AB Staffing* matter."  (Doc. 283.)  In her response brief, Plaintiff indicated that some of the underlying exhibits to the *AB Staffing* report are not part of the public record in the *AB Staffing* case.  If this issue has not already been resolved, the parties are directed to confer in good faith regarding disclosure of the AB Staffing report and underlying exhibits.  If the parties cannot reach an agreement on disclosure, they shall arrange a telephonic discovery conference with the Court to resolve the issue.

## II.    Plaintiff's Motion for Sanctions (Doc. 285)

In her response in opposition to Defendants' motion for sanctions, Plaintiff asks the Court to sanction Defendants for filing what she believes to have been a frivolous motion for sanctions.  The Court will not do so.  Although the Court denies Defendants' motion or sanctions, the motion was not frivolous.  Plaintiff's counsel repeatedly objected to the complete disclosure of Taylor's *AB Staffing* report on grounds that it was subject to a protective order in the *AB Staffing* litigation.  Plaintiff's counsel should have relied on more than just her memory before repeatedly making those representations to Defense counsel and to the Court.  She should have done the investigation that Defendants ultimately had to do for themselves.  Although the Court does not find Plaintiff's counsel acted willfully or in bad faith, her representations were negligent and created more work for everyone.  There is no reason to sanction Defendants for filing their motion.

**IT IS ORDERED** that the parties' motion for sanctions (Docs. 276 and 285) are **DENIED.**

1    **IT IS FURTHER ORDERED** that if there are outstanding issues regarding the

2    disclosure of the Taylor *AB Staffing* report, the parties shall confer in good faith to resolve

3    them.  If they cannot reach an agreement, they shall follow the Court's standard procedures

4    for arranging a discovery conference call.  In the event the Court is required to intervene

5    on this issue yet again, it will require the non-prevailing party in the dispute to pay the

6    prevailing party's fees.

7    Dated this 25th day of March, 2022.

Douglas L. Rayes
United States District Judge