WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kellye Evans,<br><br>    Plaintiff,<br><br>v.<br><br>Scribe One Limited LLC, et al.,<br><br>    Defendants. | No. CV-19-04339-PHX-DLR<br><br>**ORDER** |

At issue is Plaintiff Evans' motion for reconsideration (Doc. 289) of the Court's order granting in part and denying in part Defendants' motion for summary judgment (Doc. 288), which is fully briefed (Doc. 295).[1] Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner,* 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LRCiv. 7.2(g). Evans argues that reconsideration is warranted because the Court committed clear error when it granted summary judgment for Defendants on her declaratory judgment, conversion, and false filings claims.

---

[1] Because the parties are familiar with the facts, the Court will not repeat them here, except as necessary and relevant. All names and terms in this order have the same meaning as in the Court's January 21, 2022 summary judgment order.

For context, the Court determined that the Formation Agreement between Evans and Defendant Tizes was unenforceable under the statute of frauds because it was not in writing and, as Evans described it, could not be performed within a year. Evans argued that the part-performance exception to the statute of frauds applied, but the Court disagreed because Evans' alleged acts of part performance did not conclusively establish the existence of the Formation Agreement; those acts could be explained in other ways. Because Evans' claim that she owns Scribe One is rooted in the terms of her alleged agreement to go into business with Tizes, the Court reasoned that Evans could not proceed on any claim predicated on her alleged ownership of Scribe One. To do so would have permitted Evans to evade the statute of frauds by indirectly obtaining the benefits of the unenforceable bargain.

Evans argues this was clear error because her claim to ownership of Scribe One is not based solely the Formation Agreement but is also independently based on the totality of the circumstances. And what are these circumstances? They are the same circumstances that Evans argued constituted her part performance of the Formation Agreement. In Evans' view, even though her alleged acts of part performance were insufficient to render the Formation Agreement enforceable, she still may rely on those same acts to indirectly obtain the benefits of the Formation Agreement via a declaratory judgment action. And once she succeeds in obtaining a declaration that she owns Scribe One, she then can show that Defendants are liable for converting the company and for filing documents falsely claiming that Defendant Stern owns it.

The Court disagrees that Evans may evade the statute of frauds and indirectly obtain the benefits of the alleged Formation Agreement via a declaratory judgment action. *Roe v. Austin*, 433 P.3d 569 (Ariz. Ct. App. 2018)—cited in the Court's summary judgment order—is instructive. In that case, the Arizona Court of Appeals reversed a judgment awarding a life estate in certain real property to Dan and Myriam Roe based on an alleged oral contract. The Roes were tenants of Valer Clark and Josiah Austin. When Valer and Josiah divorced, Valer obtained sole ownership of the property via a divorce settlement

agreement. Valer then demanded that the Roes vacate the property. The Roes brought a declaratory judgment action claiming a life estate in the property based on an alleged oral agreement between the parties. *Id.* at 571-72. The Arizona Court of Appeals, however, determined that this alleged oral agreement was unenforceable under the statute of frauds. Like Evans, the Roes argued that their conduct satisfied the part-performance exception to the statute of frauds. But the Arizona Court of Appeals rejected this argument, finding that the acts of part performance did not unequivocally establish the existence of the alleged oral agreement. *Id.* at 572-74. Because the source of the Roes' claim to a life estate was an unenforceable agreement, they could not succeed on their declaratory judgment claim.

If Evans' argument were correct, then the Roes would have been entitled to prove under a totality of the circumstances that they had a life estate in the property, notwithstanding the unenforceability of the oral contract. Indeed, if Evans' argument were correct, then the statute of frauds would serve no purpose because a litigant unable to establish her rights under a contract could simply bring a declaratory judgment action seeking a declaration of the same rights under the totality of the circumstances.

The fundamental flaw with Evans' argument is that a party cannot obtain a declaration of rights untethered from substantive law.

> It is well settled that the Declaratory Judgment Act is only procedural. As such, the Declaratory Judgment Act leaves substantive rights unchanged. A party cannot obtain any declaration of rights that do not exist under substantive law; it must rely on valid legal predicate. Therefore, a court may only enter a declaratory judgment in favor of a party who has a substantive claim of right of such relief. Where a court has dismissed the plaintiff's substantive claims, the request for declaratory relief based on the same claims must likewise be dismissed.

4 Bus. & Com. Litig. Fed. Cts. § 39:14, Applicability of substantive legal and procedural rules (5th ed.) (internal quotations, footnotes, and citations omitted). Evans therefore cannot seek a declaratory judgment that she owns Scribe One in the absence of some underlying substantive legal theory entitling her to ownership. Here, that underlying substantive legal theory was contractual. That is, Evans claimed she owned Scribe One

because that was the arrangement she and Tizes agreed to in June 2017. Because that agreement is unenforceable, there no longer is a substantive legal theory underpinning Evans' declaratory judgment claim.

Evans argues that, under Arizona and Delaware law, a jury may declare her the owner of Scribe One under a freewheeling totality of the circumstances, untethered from any substantive legal theory. But the cases she relies on demonstrate the opposite.

First, Evans cites *Vale v. Vale*, No. 1 CA-CV 19-0425, 2020 WL 1064814 (Mar. 5, 2020). That case, like this one, involved a dispute over the ownership of an LLC. Guy Vale filed articles of organization with the Arizona Corporation Commission ("ACC") forming BS CAL, LLC ("CAL"). He listed himself as the sole member, but his sister, Barbara Vale, "ran all aspects of CAL's business[.]" *Id.* at *1. Years into the business, Barbara filed articles of amendment with the ACC, changing its sole member from Guy to herself. *Id.* Barbara consistently acted like CAL's owner for years afterward, while Guy "took no action exhibiting ownership[.]" *Id.* After a falling out, Barbara and Guy each filed competing articles of amendment with the ACC attempting to remove the other as sole member, and each filed competing lawsuits. *Id.* "Barbara sought a declaratory judgment declaring her the sole member of CAL. Barbara alleged that she and Guy formed CAL together in 2008 *and agreed that Guy would later transfer his membership interest in [the LLC] to Barbara*. Barbara alleged Guy transferred his interests in CAL to her in 2012, making her the sole member of CAL, and that she filed articles of amendments to document that change." *Id.* (emphasis added). Although it is true that the Arizona courts considered the totality of the circumstances in resolving the dispute, the critical point is that Barbara's claim to ownership derived from an alleged agreement between her and Guy. Stated differently, the agreement with Guy was the substantive source of her ownership rights, and Barbara merely sought a declaration of her rights stemming from that agreement. Nothing in *Vale* suggests that Barbara could have sought a declaratory judgment that she owned CAL based merely on the totality of the circumstances, without some substantive legal source of her ownership rights.

Likewise, in *In re Groupo Dos Chiles, LLC*, No. Civ. A. 1447-N, 2006 WL 668443, at *1-3 (Del. Ch. Mar. 10, 2006), the Delaware Chancery Court determined the membership of the LLC at issue by reference to an agreement between the parties, which made clear that both were members notwithstanding the fact that the LLC's certificate of formation identified only one as such. This agreement provided the substantive source of ownership rights, and the Delaware court declared the parties' rights under that agreement.

The same is true for the final case Evans relies on, *Mickman v. American International Processing, LLC*, No. 3869-VCP, 2009 WL 891807 (Del. Ch. Apr. 1, 2009). There, Elaine Mickman filed an action to inspect the books and records of LLF, LLC. *Id.* at *1. LLF moved for summary judgment, arguing that Mickman had no right to review its records because Mickman was neither a member nor manager of LFF. *Id.* LFF based its argument on the fact that its formal operating agreement did not list Mickman as an LFF member. *Id.* at *2. In denying LFF's summary judgment motion, the Delaware court found that Mickman had "presented admissible evidence that, notwithstanding the language of the operating agreement, suggests the parties to that agreement intended to make, and believed they had made, the plaintiff a member of the LLC." *Id.* at *2. The Delaware court found a question of fact as to whether the operating agreement was intended to include Mickman, meaning the source of Mickman's claim to membership would have been the intended agreement between the parties.

In all three cases relied on by Evans, the underlying substantive theory of ownership or membership was an agreement between the parties. Evans points to no underlying substantive source of her ownership rights other than the Formation Agreement and her alleged acts of part performance under it. Her contention that her claim to ownership in no way depends on any agreement between the parties is nonsensical. Strangers do not inexplicably wind up in business together without at some point agreeing to do so. Some make the wise choice to memorialize their agreements in writing. Others agree to go into business together in a manner that does not implicate the statute of frauds (for example, through an oral agreement that can be performed within a year). Here, however, the

agreement Evans made with Tizes, which allegedly detailed Scribe One's intended ownership structure, was unenforceable because it was not memorialized in writing and contained a critical provision that could not be performed within a year. *See Durham v. Dodd*, 285 P.2d 747, 749 (Ariz. 1955) ("[I]f a part of an inseparable contract runs afoul of the Statute of Frauds and is unenforceable, the entire contract is unenforceable."). Like the Roes, Evans cannot rely on the same evidence that was insufficient to satisfy the part-performance exception to the statute of frauds in order to indirectly obtain the benefits of an unenforceable bargain via a declaratory judgment action. The Court did not clearly err.[2]

Nor did the Court clearly err in granting summary judgment for Defendants on Evans' conversion and false filings claims. To succeed on either of those claims, Evans would need to establish that she owns Scribe One. And for reasons already discussed, Evans cannot do so because the substantive source of her alleged ownership rights is an unenforceable oral contract and conduct insufficient to establish part-performance under it. The Court did not clearly err in granting summary judgment for Defendants on these derivative, indirect actions predicated on the unenforceable contract.

**IT IS ORDERED** that Evans' motion for reconsideration (Doc. 289) is **DENIED**.

Dated this 10th day of May, 2022.

Douglas L. Rayes
United States District Judge

---

[2] Nor did the Court disregard the summary judgment standard by ignoring fact disputes or making credibility findings. To the contrary, the Court accepted Evans' version of the evidence, including her description of the Formation Agreement, and concluded that she could not succeed on her declaratory judgment claim because the Formation Agreement is unenforceable as a matter of law, and her claim to ownership is derivative of that agreement.