**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kellye Evans,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Scribe One Limited LLC, et al.,<br><br>　　　　　Defendants. | No. CV-19-04339-PHX-DLR<br><br>**ORDER** |

On August 29, 2019, pursuant to stipulation, the Court enjoined Defendant Scribe One Limited LLC ("Scribe One") from making distributions to Defendant Sydney Stern while this lawsuit is pending. (Doc. 73.) At the time, Plaintiff Kellye Evans had live claims to ownership of Scribe One. Since then, the Court has disposed of Ms. Evans' ownership-related claims on summary judgment. (Docs. 288, 299.) As such, there now is no longer a live claim that Ms. Evans owns Scribe One, although there remain live claims that Scribe One owes Ms. Evans money.

In light of these developments, Defendants have asked the Court to dissolve the portion of the stipulated preliminary injunction restricting distributions from Scribe One to Stern. (Doc. 301.) In response, Ms. Evans says she does not oppose dissolving this portion of the injunction so long as Scribe One "maintain[s] in immediately available funds the minimum amount of $351,524," which is the amount of money Ms. Evans claims she is owed. (Doc. 302.) In reply, Defendants argue that the stipulated preliminary injunction

1  "was not to be a prejudgment attachment, but to ensure the Defendants did not dissipate
2  Scribe One's assets while there were pending claims before this Court related to the
3  ownership of the Company." (Doc. 304 at 2.) Nonetheless, Defendants represent that,
4  should the Court dissolve the relevant portion of the stipulated preliminary injunction, they
5  will "voluntarily hold at least $150,000 in [Scribe One's] account in immediately available
6  funds to ensure any amount owned, based on the jury's factual finding, is readily
7  available." (*Id.*) This amount reflects the approximate amount that Defendants believe
8  they might owe Ms. Evans. (*See* Doc. 302 at 3.)

The Court will grant Defendants relief, provided they hold at least $150,000 in immediately available funds. The Court agrees with Defendants that the purpose of the stipulated preliminary injunction was not to serve as a prejudgment attachment. It was to ensure that Scribe One remained operational while Ms. Evans' ownership-related claims were litigated. Those claims are no longer at issue. All that remains are claims that Scribe One might owe Ms. Evans money. Therefore, the relief Ms. Evans requests in her response to Defendants' motion to lift the preliminary injunction is more akin to an asset freeze. "A party seeking an asset freeze must show a likelihood of dissipation of the claimed assets, or other inability to recover monetary damages, if relief is not granted." *Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009) (emphasis added). This can be shown, for example, by evidence that Defendants will become insolvent or that they have "engaged in a pattern of secreting or dissipating assets to avoid judgment." *In re Estate of Ferdinand Marcos, Human Rights Litig.*, 25 F.3d 1467, 1480 (9th Cir. 1994) (emphasis added). No such showing has been made here. Accordingly,

**IT IS ORDERED** that Defendants' motion to lift injunction (Doc. 301) is **GRANTED**. Consistent with Defendants' representations in their reply brief, Scribe One

/ / /

/ / /

/ / /

shall hold at least $150,000 in immediately available funds during the pendency of this case. But otherwise, the portion of the Court's August 29, 2019 preliminary injunction restricting distributions from Scribe One to Stern is hereby dissolved.

Dated this 24th day of August, 2022.

Douglas L. Rayes
United States District Judge