**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kellye Evans, et al., | No. CV-19-04339-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Scribe One Limited LLC, et al., | |
| Defendants. | |

At issue is Plaintiffs' motion to preclude Defendants from proffering the testimony of Michael Freeman, Chief Human Resources Officer at San Carlos Hospital, concerning subjects of testimony that Defendants never disclosed pursuant to Federal Rule of Civil Procedure 26. (Doc. 371.) The motion will be granted.

Rule 26(a)(1)(A)(i) requires a party to disclose not only the identities of witnesses who are "likely to have discoverable information" but also the "subjects of that information." A party must supplement its disclosures in a timely manner "if the party learns that in some material respect the disclosure or response is incomplete or correct, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). When a party fails to make a timely disclosure required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial" unless it proves that its failure was "substantially justified or is harmless." Fed. R. Civ. P.

37(c)(1).

Here, it is undisputed that Defendants failed to timely disclose Mr. Freeman as a witness likely to have discoverable information or the subjects of that information. Defendants disclosed their intent to call Mr. Freeman as a witness to testify about his dealings and communications with Plaintiff Kellye Evans and Defendant Dr. Bruce Tizes, including specifics about the termination of the San Carlos Contracts, for the first time in December 2022, as part of the parties' joint proposed pretrial order. Thus, Defendants may not use Mr. Freeman to supply evidence at trial unless Defendants can show that their untimely disclosure was either substantially justified or harmless.

The untimely disclosure is not substantially justified. Defendants contend that they were not aware of the information or testimony Mr. Freeman had until December 8, 2022, when, after learning that Plaintiffs did not intend to call Mr. Freeman at trial, Defendants contacted Mr. Freeman to determine why. But nothing prevented Defendants from contacting Mr. Freeman earlier. Plaintiffs disclosed Mr. Freeman as a person likely to have discoverable information (albeit on different topics), and Defendants sought to depose Mr. Freeman in 2020, but ultimately chose not to do so because of the difficulties associated with serving Mr. Freeman with the subpoena. Defendants have shown no substantial justification for waiting until December 8, 2022—a mere six weeks before the start of trial—to ask Mr. Freeman what he might know.

Nor is the untimely disclosure harmless. In an effort to prove otherwise, Defendants point to the fact that Plaintiffs disclosed Mr. Freeman as someone likely to have discoverable information. But the subjects of that information, as disclosed by Plaintiffs, materially differ from the subjects of that information disclosed by Defendants. According to Plaintiffs, they chose not to depose Mr. Freeman because, among other things, Dr. Tizes' own admissions obviated the need for Mr. Freeman's testimony on the topics Plaintiffs disclosed. Had they known Defendants intended to call Mr. Freeman to testify on different, albeit slightly related, topics, Plaintiffs might have chosen to depose Mr. Freeman and to conduct follow-up discovery. Defendants' untimely disclosure has prevented Plaintiffs

from conducting the discovery necessary to meaningfully address Mr. Freeman's anticipated testimony.

Defendants also cobble together interrogatory responses and deposition transcripts in an attempt to show that Plaintiffs should have known Mr. Freeman might have information about the termination of the San Carlos Contracts. But Plaintiffs are not expected to parse through every bit of discovery produced by Defendants to divine what witnesses Defendants believe have discoverable information and the subjects of that information. Rule 26 puts the responsibility on Defendants to make those disclosures. For these reasons,

**IT IS ORDERED** that Plaintiffs' motion to preclude (Doc. 371) is **GRANTED**.

Dated this 9th day of January, 2023.

Douglas L. Rayes
United States District Judge