**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kellye Evans, et al., | No. CV-19-04339-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Scribe One Limited LLC, et al., | |
| Defendants. | |

On January 4, 2023, Plaintiffs moved to preclude Defendants from proffering the testimony of Michael Freeman at trial, arguing that Defendants did not disclose Mr. Freeman as a witness likely to have discoverable information or the subject of that information until the parties prepared their joint proposed pretrial order in December 2022. (Doc. 371.) Defendants filed a response on January 6, 2023. (Doc. 374.) On January 9, 2023, the Court issued an order granting Plaintiffs' motion to preclude. (Doc. 378.) The Court found that Defendants failed to timely disclose Mr. Freeman as a witness likely to have discoverable information or the subjects of that information, that the untimely disclosure was not substantially justified, and that the untimely disclosure was not harmless given the material differences between the subjects of the information about which Plaintiffs disclosed Mr. Freeman was likely knowledge, and the subjects Defendants belatedly disclosed in December 2022. Defendants now move for reconsideration of that order. (Doc. 389.)

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner,* 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.,* 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration ordinarily will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). Further, the motion must "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order." *Id.* Finally, "[n]o motion for reconsideration . . . may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." *Id.* The court may deny a motion for reconsideration if it fails to comply with these rules. *Id.*

Defendants fail to identify new facts or legal authority that could not have brought to the Court's attention earlier with reasonable diligence. Nor have Defendants shown that the Court's order was manifestly erroneous. Defendants cite to the Court's Mandatory Initial Discovery Pilot ("MIDP") for the proposition that new information need not be present in a formal supplemental response if it is revealed in a written discovery response or deposition, but that provision only applies if that revelation occurs "in a manner that reasonably informs all parties of the information[.]" *See* General Order 17-08 ¶ A8. The MIDP order, like Federal Rule of Civil Procedure 26, requires parties to disclose the names of all persons likely to have discoverable information relevant to any party's claims or defenses, and a fair description of the nature of the information each such person is believed to possess. *Id.* at ¶ B1. The Court previously determined that the stray remarks concerning Mr. Freeman that arose in written discovery response and depositions did not put Plaintiffs on reasonable notice that Mr. Freeman had discoverable information on the topics Defendants disclosed in December 2022, particularly regarding

the specifics surrounding the termination of the San Carlos Contracts. At bottom, Defendants are asking the Court to rethink what it has already thought through, which is not an appropriate basis for reconsideration.

**IT IS ORDERED** that Defendants' motion for reconsideration (Doc. 389) is **DENIED**.

Dated this 13th day of January, 2023.

Douglas L. Rayes
United States District Judge